# NO. 12-23-00110-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEREMY CHRISTIAN MOFFITT,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Jeremy Christian Moffitt filed a notice of appeal from a judgment in which sentence was imposed on March 2, 2023.[1]  In a criminal case, the appellant perfects an appeal by timely filing a sufficient notice of appeal.  TEX. R. APP. P. 25.2(b).  The notice of appeal must be filed (1) within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order, or (2) within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.  TEX. R. APP. P. 26.2(a).  The appellate court may extend the time for filing a notice of appeal if, within fifteen days after the deadline for filing the notice, the party files in the trial court the notice of appeal and files in the appellate court a motion complying with Rule 10.5(b).   TEX. R. APP. P. 26.3.  Here, Appellant filed his notice of appeal on April 28, after expiration of the time for filing a timely notice of appeal or seeking an extension of time to file the notice of appeal.  Appellant did not file a motion for new trial.

On May 2, the Clerk of this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time

---

[1] Appellant was convicted in a total of four cases.  Three notices of appeal were timely filed on March 30 and those three appeals remain pending with this Court in cause numbers 12-23-00090-CR, 12-23-00108-CR, and 12-23-00109-CR.

allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2(a), 26.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before May 12 to show this Court's jurisdiction. In response, Appellant's counsel filed a motion to accept jurisdiction. The motion suggests that Appellant's original appellate counsel filed four notices of appeal on March 30, 2023, but an error occurred in the electronic filing system and the notice of appeal for the present case was not filed until April 28 when original counsel resubmitted the notice.

According to an affidavit provided by original counsel, the notice of appeal for this case remained in a "pending" state in efile when she submitted the four notices on March 30. The efile envelope print out contains no submitted date but does contain the file description "notice of appeal." She did not resubmit the notice because her experience has been that pending documents are eventually submitted and any resubmissions would be rejected as duplicates. On April 28, she again filed the notice of appeal, and it was file marked April 28. The envelope from this filing reflects a submitted date of April 28 and an accepted date of April 28. Counsel expressed her belief that efile lost the envelope that contained the original notice of appeal that she submitted on March 30. Appellant's current counsel asks this Court to accept the notice of appeal in this case and consolidate it with Appellant's three other appeals.

However, "appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2, 26.3; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When an appellate court's jurisdiction has not been invoked with a timely notice of appeal, it may not use rule 2 to suspend the rules so as to bootstrap itself into having jurisdiction." *Sloan v. State*, No. 05-18-00259-CR, 2018 WL 2252424, at *2 (Tex. App.—Dallas May 17, 2018, no pet.) (mem. op., not designated for publication); *see* TEX. R. APP. P. 2 (suspension of rules). Rather, an appellant must seek an out of time appeal, which this Court lacks authority to grant. *See Hernandez v. State*, No. 05-19-01265-CR, 2019 WL 5541264, at *1 (Tex. App.—Dallas Oct. 28, 2019, no pet.) (mem. op., not designated for publication) ("To the extent appellant seeks an out of time appeal, he raises his complaint in the improper forum"); *see also Pete v. State*, No. 05-18-00573-CR, 2018 WL 3062507, at *1 (Tex.

2

App.—Dallas June 21, 2018, no pet.) (mem. op., not designated for publication) (intermediate appellate court may obtain jurisdiction after deadlines passed "only if the Texas Court of Criminal Appeals grants the defendant the ability to pursue an out-of-time appeal"); ***Kossie v. State***, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005) (Texas Court of Criminal Appeals, District Courts, County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus); *see also **Ex parte Toran***, No. WR-88,006-01, 2018 WL 1101238, at *1 (Tex. Crim. App. Feb. 28, 2018) (per curiam) (op., not designated for publication) (granting out of time appeal where trial counsel attempted to e-file notice of appeal, but notice was not received or filed and trial court recommended granting out-of-time appeal based on breakdown in the system).

Accordingly, because Appellant's notice of appeal was not timely filed and he did not file a motion for extension with this Court within the time prescribed by Rule 26.3, we ***overrule*** his motion to accept jurisdiction and ***dismiss*** Appellant's appeal for ***want of jurisdiction***. *See **Olivo***, 918 S.W.2d at 522*; see **Sloan***, 2018 WL 2252424, at *1-2 (dismissing for want of jurisdiction given technical issue with efiling system, noting that remedy is to seek out of time appeal); *see also **Varela v. State***, No. 13-10-00521-CR, 2010 WL 4657948, at *1 (Tex. App.—Corpus Christi Nov. 18, 2010, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing for want of jurisdiction where counsel argued that he efiled notice of appeal but was unaware county did not accept efilings and noting that appellant may be entitled to out of time appeal); TEX. R. APP. P. 43.2(f).

Opinion delivered May 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2023**

**NO. 12-23-00110-CR**

**JEREMY CHRISTIAN MOFFITT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0071-21)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*